EDGAR L. MARSTON, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EDGAR L. MARSTON, TRUSTEE OF THE JENNIE C. H. MARSTON TRUST ESTATE, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 61961, 61960. Promulgated February 1, 1934.

*Charles T. Cowenhoven, Jr., Esq.*, and *H. Maurice Fridlund, Esq.*, for the petitioners.

*Byron M. Coon, Esq.*, and *Vernon F. Weekley, Esq.*, for the respondent.

*Docket No. 61961.*

**OPINION.**

STERNHAGEN : 1. It is stipulated that petitioner paid Mrs. Chapin $3,000 each year " out of the income of said trust," but that he included it in the gross income shown on his individual tax return. This was plainly an error which he is now entitled to have corrected. The opposition to his claim seems to involve a misconception of the question as one of the petitioner's right to a deduction for an amount which he in his individual capacity gave to Mrs. Chapin. Being, however, rather a question of his right to exclude from his own income an amount which he never received from the trust—the answer is clear—it should be excluded.

2. Being of opinion, from all the evidence, that there were no sales of the Moose Mountain and Cumberland shares by petitioner, we have omitted to include findings that sales. occurred. The motions which petitioner went through to simulate sales were in our opinion merely to promote a sham. The presence of the auctioneer and the broker, and the payment of their charges, added nothing to substantiate a sale. If there had been a genuine sale, it would have been just as effective if made directly by the petitioner individually to himself as trustee, and it was a waste of effort for him as an individual to tell himself as trustee to buy it at the auction and fix the price to be bid. So far from indicating a genuine sale, the devious method discloses artifice to give the appearance of substance.

Whether there has been a sale depends upon the juristic intent of the parties, and this is determinable by the trier of the facts from the evidence as to words, conduct, and other circumstances which manifest the intent. The Commissioner having officially determined that

no bona fide sale took place, the petitioner must establish not only that there seemed to be a sale or that he had gone through the forms which people usually employ to carry out their intention to sell, but also that the forms and seeming were vitalized with the genuine intent to definitively sell. In judging this, our judicial duty does not require that we should recognize as true what our more common sense regards as specious. The history of the shares during petitioner's ownership, of which he was fully aware, would normally restrain him from unloading them upon a trust of which he was the fiduciary; and there is a natural reluctance in attributing to him an intention to do so.

Were there still a lingering doubt as to the change of ownership and the realization of loss sustained, it would be dispelled by the incident of the Blair claim when the petitioner took the Moose Mountain shares and delivered them in satisfaction of his obligation. While this subsequent act is only a makeweight in the evidence, it corroborates the belief that a legally effective sale was never intended and never regarded as having occurred. The ambiguous promise by petitioner to the beneficiaries when Blair took the shares adds nothing to his argument but confusion.

We are of the opinion that both the alleged transactions between the petitioner individually and himself as trustee in Moose Mountain shares and Cumberland shares lacked legal reality, and the claimed losses were not sustained because the shares were not sold. However real was the diminution in their value, there was no realization of loss without a genuine sale.

## Docket No. 61960.

Respondent determined a deficiency of $5,567.10 in petitioner's income tax for 1929, in part by disallowing a loss on the alleged sale of stock by its trustee to himself as an individual.

### FINDINGS OF FACT.

Petitioner is the trustee of an *inter vivos* trust created March 12, 1923, by Jennie C. H. Marston, who died prior to 1928. By the trust instrument she conveyed all her property to petitioner, who was her husband and a resident of New York, for the purpose of collecting the income and profits therefrom, deducting all expenses or charges connected with the management, and paying the balance to her for life, and on her death to pay the income to himself as life beneficiary after advancing from it sufficient funds to support her mother. On the trustee's death, the corpus was to be divided among the settlor's and trustee's three children who were 44, 41, and 30 years of age in 1928. The mother was surviving in 1929.

In 1927 [as stipulated], the trustee acquired for the trust 1,800 shares of the common stock of Clinchfield Coal Corporation at a cost of $46,800. These shares were placed, with other securities of the trust, in its separate deposit box. On November 6, 1929, they were formally offered for sale at public auction and struck down for $5,400. After the deduction of selling costs, a check for $5,099 was deposited to the credit of the trust, and a sale was entered on its books in November 1929 to reflect a net loss of $41,701. At the auction the stock was bid in by a brokerage firm acting on behalf of petitioner individually. The brokers presented their check for $5,400 on November 6, 1929, and the certificate was delivered to petitioner's secretary, who deposited it in his personal safe-deposit box. The beneficiaries consented to and approved of the alleged sale.

At the time in 1925 [as testified by Marston], when the trust is alleged to have acquired these shares from petitioner individually, he took a loss in respect thereof on his individual return.

OPINION.

STERNHAGEN: For reasons essentially similar to those just stated as to the alleged sales by Marston individually to Marston trustee, we are unable to find from the evidence that there was a sale by Marston trustee to Marston individually, and therefore affirm the respondent's disallowance of the deduction for loss.

Reviewed by the Board.

*Judgment in both proceedings will be entered under Rule 50.*

MCMAHON concurs in the result.

SMITH and TRAMMELL dissent.